NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BENJAMIN BLANCHARD, *Appellant.*

No. 1 CA-CR 15-0787
FILED 2-14-2017

Appeal from the Superior Court in Navajo County
No. S0900CR201300691
The Honorable Donna J. Grimsley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Criss Candelaria Law Office PC, Concho
By Criss E. Candelaria
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

D O W N I E, Judge:

¶1        Benjamin Blanchard appeals his convictions and sentences for sale of marijuana and sale of a narcotic drug.  For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

¶2        Blanchard was the focus of a multi-agency drug trafficking investigation, and Detective Kevin Powell acted as a "handler" for a paid confidential informant ("CI") who conducted a series of "controlled buys" from Blanchard.  Equipped with both audio and video recording devices, the CI met Blanchard in the same parking lot on August 26, 27, and 29, 2013.  Officers stationed nearby received a continuous live feed from the recording equipment, which allowed them to monitor the transactions in real time.  On August 26 and 27, the CI purchased methamphetamine and marijuana from Blanchard, and on August 29, he purchased methamphetamine and narcotic pills (hydrocodone) from Blanchard.

¶3        Blanchard was charged with three counts of sale of a dangerous drug — methamphetamine (counts 1, 3, and 5) — two counts of sale of marijuana (counts 2 and 4), and one count of sale of a narcotic drug — hydrocodone (count 6).  The State also alleged aggravating circumstances, the existence of prior felony convictions, and that Blanchard was on felony release at the time of the current offenses.

¶4        At trial, the State introduced recordings from the three controlled buys, as well as still photographs taken from the videos.  Detective Powell acknowledged that, unlike the August 27 and 29 videos, Blanchard's face was not visible in the August 26 recording.  Nonetheless, he identified Blanchard as the dealer in the August 26 video based on "identifying features" of his voice.  Additionally, Detective Mike Butora

---

[1]        We view the facts in the light most favorable to sustaining the verdicts.  *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

testified that he identified Blanchard from the August 26 drug buy because Blanchard passed very close to him as he was driving away that day. The CI was unavailable and did not testify at trial.

**¶5**        The jury was unable to reach unanimous verdicts as to counts 1, 3, and 5, but found Blanchard guilty of counts 2, 4, and 6. The court sentenced him to concurrent, presumptive terms of 11.25 years' imprisonment on counts 2 and 4, and a concurrent, presumptive term of 15.75 years' imprisonment on count 6. Blanchard timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4033(A)(1).

## DISCUSSION

### I.        Confrontation Clause

**¶6**        Blanchard raised a Confrontation Clause objection to the State's use of the controlled buy recordings, arguing the CI's recorded statements were testimonial hearsay in violation of *Crawford v. Washington*, 541 U.S. 36 (2004). After an evidentiary hearing, the trial court ruled that the CI's recorded statements were admissible to offer context for Blanchard's corresponding statements — a ruling Blanchard does not challenge on appeal. Blanchard contests only the admission of statements the CI made to police officers, arguing the admission of such statements violated his confrontation rights.

**¶7**        We generally review a trial court's evidentiary rulings for an abuse of discretion. *State v. Ellison*, 213 Ariz. 116, 129, ¶ 42 (2006). However, we review *de novo* evidentiary rulings implicating the Confrontation Clause. *Id.*

**¶8**        Out-of-court statements offered to prove the truth of the matter asserted are generally inadmissible absent a hearsay exception. Ariz. R. Evid. 801(c), 802. Testimonial hearsay, which includes statements given in response to formal police questioning, is also barred by the Confrontation Clause when the declarant does not appear at trial, unless the declarant is unavailable and the defendant has had a prior opportunity to cross-examine the declarant. *Crawford*, 541 U.S. at 53 n.4, 59.

**¶9**        At trial, the prosecutor asked Detective Powell to identify the goal of the investigation, and the detective responded, over a hearsay objection, that the goal was to purchase drugs from Blanchard. This testimony did not recount an out-of-court statement. The prosecutor then asked whether Detective Powell followed protocols previously outlined for

the jury when interacting with the CI, and the detective answered, over a hearsay objection, that he did so. This testimony likewise did not recount an out-of-court statement. When asked about his role in the investigation, Detective Powell explained, over a hearsay objection, that he met with the CI after the drug buys and debriefed him about his communications with Blanchard. Detective Powell did not testify about the content of those discussions, stating only that they occurred. The prosecutor then asked Detective Powell whether the recordings of the three controlled buys were accurate, and the detective answered that he had verified their accuracy by comparing them to his discussions with the CI. Blanchard objected and moved to strike the detective's answer, which the trial court denied. Detective Powell then clarified that he confirmed the accuracy of the recordings through his own recollection of what he saw and heard by monitoring the live feed, in addition to his discussions with the CI. Although Detective Powell did not directly recount an out-of-court statement, he implied that the CI had told him that the recordings were accurate. Because the CI was unavailable to testify, and Blanchard did not have an earlier opportunity to cross-examine him, this testimony should have been stricken.

¶10 The prosecutor later asked Detective Powell how he could identify Blanchard as the dealer for the August 26 buy when his face was not visible on the video. Detective Powell responded that his identification was based on his viewing of the August 27 and 29 videos, as well as his discussions with the CI. In response to Blanchard's hearsay objection, the court instructed Detective Powell not to testify about the CI's statements. At that point, Detective Powell testified that he could identify Blanchard on the August 26 video based on "identifying features" of his voice that were consistent with the August 27 and 29 recordings. Although Detective Powell did not recount a direct out-of-court statement, he initially suggested the CI had identified Blanchard as the dealer. The trial court immediately admonished the detective not to mention the CI's statements but did not sustain Blanchard's objection. Based on the CI's unavailability and Blanchard's lack of opportunity to cross-examine him, the objection should have been sustained.

¶11 The following day, the prosecutor followed up on questions posed to Detective Powell during cross-examination, asking why the CI may not have spent all of the money he was given for one of the drug buys. The detective answered, over Blanchard's objection, that the officers "could have brought extra money," believing they would be able to buy a certain amount, and the CI may have sent a text message that he was unable to purchase "that much." Read in the context of the "multiple reasons" the

detective suggested might account for a discrepancy in the sum of money given the CI for the drug buy and the amount the CI actually spent, it is clear Detective Powell was providing a hypothetical reason, not an actual out-of-court statement. Over another hearsay objection, the detective later testified that he knew the CI did not bring drugs to the buy because officers searched him immediately before the meeting and the videos demonstrated the CI received the drugs during the transactions. This testimony did not recount an out-of-court statement.[2]

**¶12**　　Although most of Blanchard's hearsay objections were unfounded, Detective Powell's testimony implying that the CI had confirmed the accuracy of the recordings and identified Blanchard as the dealer at all three buys was testimonial hearsay admitted in violation of Blanchard's Confrontation Clause rights. A Confrontation Clause violation, however, is subject to harmless error review. *State v. Parks*, 211 Ariz. 19, 31, ¶ 54 (App. 2005). Error is harmless if we can conclude beyond a reasonable doubt that it did not contribute to or affect the verdict. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). To assess whether a Confrontation Clause violation is harmless, we consider several factors, including "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

**¶13**　　Applying these factors, we first note that Detective Powell clarified his testimony in response to Blanchard's hearsay objections by testifying that: (1) he personally confirmed the accuracy of the recordings after watching the events in real time, and (2) he could identify Blanchard on the August 26 video based on the identifying features of his voice that mirrored the August 27 and 29 videos. More importantly, the recordings were admitted into evidence. Jurors therefore could assess first-hand whether the videos appeared edited in a manner that called their accuracy into question and evaluate whether the voice or any other features of the off-camera dealer in the August 26 video demonstrated that the individual was the same as the dealer visible in the August 27 and 29 videos. Given

---

[2]　　Blanchard also raised a hearsay objection to Detective Butora's testimony that he debriefed the CI about the transactions. This testimony, though, did not recount an out-of-court statement.

the overall strength of the State's case, including two recorded drug buys in which Blanchard's face was visible, we conclude any error in admitting hearsay during Detective Powell's testimony was harmless beyond a reasonable doubt.

## II.      Motion to Sever

**¶14**        Blanchard contends the court erred by denying his severance motion.  He requested severance of "counts 1, 2 and 3," but also referenced the three counts "of sale of a dangerous drug," which were designated counts 1, 3, and 5 in the indictment.  When renewing the motion on the first day of trial, though, Blanchard moved to sever counts 1 and 2 from the other charges, claiming the August 27 and 29 recordings, on which he was visible, would be unduly prejudicial with respect to the charges arising out of events on August 26.  The trial court denied both motions.

**¶15**        Joinder of two or more offenses is permissible when they: (1) are of the same or similar character; or (2) are based on the same conduct or are otherwise connected together in their commission; or (3) are alleged to have been a part of a common scheme or plan.  Ariz. R. Crim. P. ("Rule") 13.3(a).  We review the denial of a motion to sever for an abuse of discretion. *State v. Prince*, 204 Ariz. 156, 159, ¶ 13 (2003).

**¶16**        The counts were properly joined under Rule 13.3(a)(1) because the charges are all similar in nature.  The charges were also "otherwise connected" for purposes of joinder under subsection (a)(2) because they involved the same seller, buyer, location and exchange protocols and transpired over a period of only four days.

**¶17**        Because the offenses were properly joined under Rule 13.3(a)(2), or could have been joined under this subsection and were therefore properly consolidated, severance was required only if "necessary to promote a fair determination of the guilt or innocence . . . of any offense." Ariz. R. Crim. P. 13.4(a).  To successfully challenge the denial of severance, a defendant "must demonstrate compelling prejudice against which the trial court was unable to protect." *Prince*, 204 Ariz. at 159, ¶ 13.  Blanchard noticed defenses of lack of intent, lack of knowledge, and mistaken identity, as well as insufficient evidence.  Because the charges were all connected, joinder of the counts properly placed before the jury relevant evidence regarding intent, knowledge, and identity.  Thus joinder, not severance, promoted a fair determination of the offenses.

**¶18**        Blanchard argued in the trial court that admitting the August 27 and 29 videos showing his face would be unduly prejudicial with respect

to the August 26 charges.  Although the evidence may have been harmful to his defense, it was not unfairly prejudicial.  *See State v. Lee*, 189 Ariz. 590, 599–600 (1997) (Unfair prejudice results only when "the evidence has an undue tendency to suggest decision on an improper basis.").  And even if counts 1 and 2 had been severed, the August 27 and 29 videos would have been admissible in a trial of those charges to refute Blanchard's defenses of lack of intent, lack of knowledge, and mistaken identity.  *See* Ariz. R. Evid. 404(b) (Permitting evidence of other acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.").

**¶19**          Blanchard also argues he was prejudiced by the failure to sever because Detective Powell incorrectly testified that the license plate of the dealer's vehicle was recorded in each video, reflecting that the same vehicle was used for each transaction, when the license plate was only visible on the August 26 recording.  In determining whether a defendant has shown the requisite prejudice, we consider only the evidence that was before the trial court when it ruled on the motion to sever.  *State v. Goudeau*, 239 Ariz. 421, 444–45, ¶ 60 (2016).  Because Blanchard's argument relies on evidence admitted *after* the trial court ruled, we do not consider it.  *Id.* at 445, ¶ 60.  In any event, Blanchard had an opportunity to cross-examine Detective Powell about his license plate testimony, and the jury was able to independently view the recordings and evaluate the accuracy of the detective's testimony.

**¶20**          Finally, even assuming the charges should have been severed, Blanchard cannot show compelling prejudice because the court instructed jurors to consider each count separately and explained that the State bore the burden of proving each element of each charged offense beyond a reasonable doubt.  *See State v. Miller*, 234 Ariz. 31, 38, ¶ 18 (2013); *Goudeau*, 239 Ariz. at 446, ¶ 67 (defendant could not demonstrate prejudice because court instructed jurors to consider each charged offense separately, and we "presume jurors follow the court's instructions"); *State v. Johnson*, 212 Ariz. 425, 430, ¶ 13 (2006) (any possible prejudice from joinder was ameliorated by jury instruction to consider each offense separately).  *But see State v. Burns*, 237 Ariz. 1, 14, ¶¶ 36–39 (2015) (denial of motion to sever misconduct-involving-weapons charge from murder and sexual assault charges was an abuse of discretion, notwithstanding proper jury instructions, because defendant's possession of gun was relevant to other charges but the illegality of that possession (and underlying criminal conviction) was not).  Not only are jurors presumed to follow their instructions, *State v. Dann*, 205 Ariz. 557, 571, ¶ 48 (2003), but jurors here

clearly considered the charges independently, as demonstrated by their inability to reach verdicts on three of the counts.

**¶21**        The trial court did not abuse its discretion by denying Blanchard's motion to sever.

### III.    Disclosure Issue

**¶22**        Blanchard contends the court improperly admitted still photographs taken from the video recordings because they were not timely disclosed and were unduly prejudicial.  He also argues the court should have sanctioned the State for the untimely disclosure.

**¶23**        The purpose of the disclosure rules is "to give full notification of each side's case-in-chief so as to avoid unnecessary delay and surprise at trial."  *State v. Roque*, 213 Ariz. 193, 207, ¶ 32 (2006) *disagreed with on other grounds by State v. Escalante-Orozco*, 386 P.3d 798 (Ariz. 2017).  We review a trial court's "assessment of the adequacy of disclosure for an abuse of discretion."  *Roque*, 213 Ariz. at 205, ¶ 21.  We likewise review a trial court's ruling on sanctions for untimely disclosure for an abuse of discretion.  *Id.*

**¶24**        The State must disclose a "list of all papers, documents, photographs or tangible objects that the prosecutor intends to use at trial."  Ariz. R. Crim. P. 15.1(b)(5).  After making its initial disclosure, the State has a continuing duty to disclose "whenever new or different information subject to disclosure is discovered."  Ariz. R. Crim. P. 15.6(a).

**¶25**        Approximately a week before trial, the State disclosed the still photographs it intended to use at trial.  When the prosecutor moved to admit the photos on the second day of trial, Blanchard objected, claiming untimely disclosure and undue prejudice.  In response, the State argued that the content of the pictures had been timely disclosed when the video recordings were disclosed.  The trial court agreed and admitted the still photographs.

**¶26**        Blanchard does not dispute that the State timely disclosed the videos or that each still photograph was obtained from those recordings.  Because the content of the photographs was timely disclosed, Blanchard had notice of the evidence that would be presented against him, and the court did not abuse its discretion by finding that the State did not violate the disclosure rules.  *Cf. State v. Guerrero*, 119 Ariz. 273, 276 (App. 1978) ("The criminal discovery rules do not require the state to provide a word-by-word preview to defense counsel of the testimony of the state's witnesses.").

¶27 Moreover, even if the State should have supplemented its disclosure, the court acted within its discretion by not imposing sanctions. Pursuant to Rule 15.7, the court "shall impose any sanction it finds appropriate" when a party fails to comply with the disclosure rules, "unless the court finds that the failure to comply was harmless." Blanchard objected to the photographs but did not seek a continuance that may have allowed him time to call a witness or present other evidence to rebut the pictures. Additionally, the trial court could have reasonably concluded that any untimely disclosure was harmless. The videos had already been played at trial, and jurors had thus seen the images of Blanchard's face in the vehicle, albeit in quick succession, in comparison to the still images. Given the overwhelming other evidence that Blanchard was present for the drug buys, any untimely disclosure was harmless, and the trial court did not abuse its discretion by failing to *sua sponte* impose sanctions.

## CONCLUSION

¶28 Blanchard's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA